1  Daniel L. Germain (Bar No. 143334)
   Germain@lalawyer.com
2  **ROSMAN & GERMAIN LLP**
   16311 Ventura Boulevard, Suite 1200
3  Encino, CA  91436
   Telephone: (818) 788-0877
4  Facsimile: (818) 788-0885

5  **KESSLER TOPAZ**
   **MELTZER & CHECK, LLP**
6  Eric L. Zagar (Bar No. 250519)
   ezagar@ktmc.com
7  Robin Winchester
   rwinchester@ktmc.com
8  Ligaya T. Hernandez
   lhernandez@ktmc.com
9  280 King of Prussia Road
   Radnor, PA 19087
10 Telephone:  (610) 667-7706
   Facsimile:  (267) 948-2512

11
   *Attorneys for Plaintiffs*
12
                    **UNITED STATES DISTRICT COURT**
13
                    **CENTRAL DISTRICT OF CALIFORNIA**
14

15 M. AILEEN MORNINGSTAR and        Case No.  11-00655 VBF (VBK)
   ALICE SLETTEDAHL, Derivatively and
16 on Behalf of Nominal Defendant RINO   PLAINTIFFS' NOTICE OF
   INTERNATIONAL CORPORATION,      CROSS-MOTION AND CROSS-
                                   MOTION FOR ALTERNATIVE
17               Plaintiffs,        SERVICE OF PROCESS
                                   PURSUANT TO FED. R. CIV. P.
18        v.                       4(F)(3)

19 QIU JIANPING, ZOU DEJUN,        Date:  November 7, 2011
   KENNITH C. JOHNSON, QUAN XIE,   Time:  1:30 P.M.
20 BEN WANG, LI YU, BRUCE          Judge:  The Honorable Valerie
   RICHARDSON, YI LIU and ZHANG    Baker Fairbank
21 WEIGUO,

22               Defendants,

23        and

24 RINO INTERNATIONAL
   CORPORATION,
25
                 Nominal Defendant.
26

27

28

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2        **PLEASE TAKE NOTICE** that on November 7, 2011 at 1:30 p.m., or as soon

3   thereafter as counsel may be heard, in Courtroom 9 of the above-mentioned court,

4   located at 312 N. Spring Street, Los Angeles, California 90012, plaintiffs M. Aileen

5   Morningstar and Alice Slettedahl ("Plaintiffs") will move this Court for a Cross-

6   Motion for Alternative Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3).

7        This Cross-Motion is made following a conference with counsel for defendants

8   Zou Dejun and Qiu Jianping pursuant to Local Rule 7-3, which first took place on

9   August 30, 2011.

10       This Cross-Motion is based on this Notice of Motion and Motion; the

11  Memorandum of Points and Authorities filed in support thereof; Declaration of Eric

12  L. Zagar, the pleadings and documents on file with the Court; such matters as to

13  which the Court may take judicial notice; and such other and further matters as may

14  be presented at the hearing.

15  Dated:  September 23, 2011           Respectfully submitted,

16                                    **ROSMAN & GERMAIN LLP**

17                                    */s/ Daniel L. Germain*

18                                    Daniel L. Germain (Bar No. 143334)
    16311 Ventura Boulevard, Suite 1200

19                                    Encino, CA  91436-2152
    Telephone: (818) 788-0877

20                                    Facsimile: (818) 788-0885

21                                    **KESSLER TOPAZ**
    **MELTZER & CHECK, LLP**

22                                    Eric L. Zagar (Bar No. 250519)
    Robin Winchester

23                                    Ligaya T. Hernandez
    280 King of Prussia Road

24                                    Radnor, PA 19087
    Telephone:  (610) 667-7706

25                                    Facsimile:  (267) 948-2512

26                                    *Attorneys for Plaintiffs*

27

28

---

1

## <u>TABLE OF CONTENTS</u>

2

**Page**

3  I.      INTRODUCTION ................................................................................................ 1

4  II.     STATEMENT OF RELEVANT FACTS ............................................................ 3

5  III.    ARGUMENT ...................................................................................................... 5

6          A.     Legal Standard ........................................................................................ 5

7          B.     Plaintiffs Should Be Permitted To Effectuate Service  On the Defendants
                  Via RINO's California Office And RINO's Registered Agent for Service

8                 of Process ................................................................................................ 7

9          C.     Plaintiffs Should Be Permitted To Effectuate Service  On the Defendants
                  Via Defendants' Counsel, Orrick and Quinn Emanuel ........................... 10

10

11  IV.    CONCLUSION ................................................................................................... 11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*AT&T Mobility LLC v. AU Optronics Corp.,*
MDL No. 1827, 2010 U.S. Dist. LEXIS 44099
(N.D. Cal. Apr. 2, 2010) ............................................................................... 5

*Direct Mail Specialists, Inc. v. Eclat Computerized Techn., Inc.,*
840 F.2d 685 (9th Cir. 1988) ........................................................................ 6

*In re Cathode Ray Tube (CRT) Antitrust Litig.,*
MDL No. 1917, 2008 U.S. Dist. LEXIS 111384
(N.D. Cal. Sept. 3, 2008) .............................................................................. 9

*In re LDK Solar Secs. Litig.,*
No. 07-05182 WHA, 2008 U.S. Dist. LEXIS 90702
(N.D. Cal. June 12, 2008) .................................................................. 3, 6, 7, 9

*LG Elecs., Inc. v. ASKO Appliances, Inc.,*
No. 08-828 (JAP), 2009 U.S. Dist. LEXIS 53391
(D. Del. June 23, 2009) .............................................................................. 10

*Mullane v. Cent. Hanover Bank & Trust Co.,*
339 U.S. 306 (1950) .................................................................................... 2

*Nokia Corp. v. AU Options Corp.,*
2010 U.S. Dist. LEXIS 61760 (N.D. Cal. May 28, 2010) ............................... 10

*Prediction Co. LLC v. Rajgarhia,*
No. 09 Civ 7459 (SAS), 2010 U.S. Dist. LEXIS 26536
(S.D.N.Y. Mar. 22, 2010) ........................................................................ 9, 10

*Richmond Techs. Inc. v. Aumtech Bus. Solutions,*
No. 11-02460-LHK, 2011 U.S. Dist. LEXIS 71269
(N.D. Cal. July 1, 2011) ...................................................................... 3, 4, 10

*Rio Props. v. Rio Int'l Interlink,*
284 F.3d 1007 (9th Cir. 2002) ............................................................ 2, 3, 6, 10

PLAINTIFFS' NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR ALTERNATIVE SERVICE OF PROCESS
PURSUANT TO FED. R. CIV. P. 4(F)(3)
CASE NO. 11-00655 VBF (VBK)

ii

1

*RSM Prod. Corp. v. Fridman*,
    No. 06 Civ. 11512 (DLC), 2007 U.S. Dist. LEXIS 58194
    (S.D.N.Y. Aug. 10, 2007) .................................................................................. 10

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiffs M. Aileen Morningstar and Alice Slettedahl ("Plaintiffs"),

2    derivatively and on behalf of RINO International Corporation ("RINO" or the

3    "Company"), hereby submit the following Memorandum of Points and Authorities in

4    support of their Cross-Motion for Alternative Service of Process Pursuant to Fed. R.

5    Civ. P. 4(f)(3), requesting an order directing alternative means of service of the

6    Complaint[1] upon two defendants in this case, defendants Qiu Jianping ("Jianping")

7    and Zou Dejun ("Dejun") (collectively, the "Defendants"), both of whom are Chinese

8    citizens, and are believed to reside in Liaoning Province, People's Republic of China.

9                    **MEMORANDUM OF POINTS AND AUTHORITIES**

10   **I.   INTRODUCTION**

11          This is a shareholder derivative action brought by Plaintiffs on behalf of

12   nominal defendant RINO International Corporation ("Rino" or the "Company")

13   against, among others, its co-founders, controlling shareholders, Chief Executive

14   Officer and Chairman of the Board of Directors, respectively, Dejun and Jianping for

15   breaches of fiduciary duties and unjust enrichment in connection with their illegal

16   conduct which has caused substantial damages to RINO.   RINO is a Nevada

17   corporation with its principal place of business at 11 Youquan Road, Zhanqian Street,

18   Jinzhou District, Dalian, People's Republic of China.

19          Since Defendants first received notice of this action back in March 2011,

20   Defendants have actively attempted to evade service of process.   Over the past six

21   months, Plaintiffs have twice attempted service of process pursuant to Rule 4(e)(1),

22   to no avail.   Additionally, since Defendants are residents of China, a member of the

23   Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents

24   ("Hague Convention"), Plaintiffs are currently attempting service pursuant to the

---

[1] "Complaint" refers to Plaintiffs' Verified Shareholder Derivative Complaint filed January 21, 2011 (ECF No.1) .

1  Hague Convention, but the process is time-consuming and costly, and there are no

2  assurances that these efforts will be successful.

3  Plaintiffs accordingly seek the Court's permission to effectuate service upon

4  the Defendants by alternative means pursuant to Federal Rule of Civil Procedure

5  4(f)(3).  First, Plaintiffs ask for leave to effectuate service on the Defendants via

6  service of process on RINO's California office located at 30211 Avenida De Las

7  Banderas, #200, Rancho Santa Margarita, California 92688.  Second, Plaintiffs ask

8  for leave to effectuate service on the Defendants via RINO's registered agent for

9  service of process.  Lastly, Plaintiffs ask for leave to effectuate service on Defendants

10  through Dejun and Jianping's counsel in this action,  Orrick, Herrington & Sutcliffe

11  LLP ("Orrick"), and Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"),

12  respectively.   Alternative service of process is warranted here, as there is no

13  legitimate reason for these defendants to continue to delay the proceedings in this

14  case.

15  The fundamental purpose of service of a summons and complaint is to provide

16  notice to defendants of the claims filed against them. Rule 4 of the Federal Rules of

17  Civil Procedure requires service of process to be reasonably calculated under all the

18  circumstances to apprise interested parties of the pendency of the action and afford

19  them an opportunity to present their objections.  *See Mullane v. Cent. Hanover Bank*

20  *& Trust Co.*, 339 U.S. 306, 314 (1950).   Under Rule 4(f)(3) a court has broad

21  discretion to devise a means of service on an individual in a foreign country in a

22  manner of its choice, so long as it: (a) is directed by the court; (b) is not prohibited by

23  international agreement; and (c) comports with constitutional notions of due process.

24  *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

25  As set forth herein, the Ninth Circuit has held that service upon a foreign

26  company's California office is an appropriate method of service for officer

27

defendants who are located in China.  *See In re LDK Solar Secs. Litig.*, No. 07-05182 WHA, 2008 U.S. Dist. LEXIS 90702, at *10 (N.D. Cal. June 12, 2008).  Similarly, federal courts, including the Ninth Circuit,  have also allowed plaintiffs to effectuate service on a foreign individual through his or her domestic counsel even when that attorney was not authorized to receive service of process on behalf of the defendant. *See Rio Props.*, 284 F.3d at 1014 (holding that service on a defendant's attorney who had declined to accept service of process  was appropriate because the attorney had been  consulted regarding the lawsuit and it was clear that the attorney was in contact with the client); *Richmond Techs. Inc. v. Aumtech Bus. Solutions*, No. 11-02460-LHK, 2011 U.S. Dist. LEXIS 71269 (N.D. Cal. July 1, 2011) (granting motion to serve foreign defendants through defendant's California attorney because defendants had notice of the action and the attorney was already representing the defendants for the purpose of contesting personal jurisdiction and opposing substituted service).

For these reasons, and as set forth below, Plaintiffs respectfully request that this Court grant the instant motion and allow Plaintiffs to serve the foreign Defendants through alternative means.

## II.   STATEMENT OF RELEVANT FACTS

Prior to filing the Complaint, Plaintiffs performed a thorough investigation into the corporate profile of RINO whereby Plaintiffs discovered that RINO has a registered office in the United States located at 30211 Avenida De Las Banderas, #200, Rancho Santa Margarita, California 92688.  On February 22, 2011, Plaintiffs first attempted service on the Defendants whereby copies of the summons and the complaint were given to the purported receptionist at RINO's California office.[2]   On February 24, 2011, Plaintiffs attempted service for a second time by mailing (first-

---

[2] *See* Declaration of Eric Zagar in Support of Request for Entry of Default Against Defendants Qiu Jianping, Zou Dejun and Bruce Richardson at ¶¶2-3, March 24, 2011, ECF No. 18-1.

class mail, postage prepaid) copies of the summons and complaint to the California office.[3]

On March 24, 2011 Plaintiffs requested an entry of default against the Defendants on the grounds that said defendants had been properly served with the Complaint and that they have failed to appear or otherwise respond. A default was subsequently entered against the Defendants on that same day.

The Defendants have had actual notice of this lawsuit since March 29, 2011, when Orrick and Quinn Emanuel, on behalf of of their clients, separately sent letters to counsel for Plaintiffs regarding setting aside the entry of default.[4]   Plaintiffs agreed to this request, and on April 11, 2011, Plaintiffs and Defendants entered into a joint stipulation to set aside the entry of default based on the agreement that Defendants would file motions to dismiss the Complaint based on, among other things, purported deficiencies in service of process.

On April 27, 2011, Defendants each filed a Motion to Quash Service Pursuant to Fed. R. Civ. P. 12(b)(5).   Defendants argue, among other things, that service was improper because Plaintiffs failed to satisfy the service of process requirements mandated by the Hague Convention.

On May 18, 2011, Plaintiffs initiated the process of serving Defendants under the Hague Convention.[5]   Legal Language Service ("LLS"), a company that handles effectuating service of process, has already billed Plaintiffs' counsel a total of $1150.00 ($575.00 per defendant) in initiating the process.[6]   Further, and more important to the relief sought by this motion, LLS has informed Plaintiffs' counsel

---

[3] *Id.*

[4] *See* Exhibits A and B to the Declaration of Eric L. Zagar in Support of Plaintiffs' Cross-Motion for Alternative Service of Process Pursuant to Fed. R. Civ. P. 4(F)(3) ("Zagar Dec.").

[5] *Id.* at 9.

[6] *Id.* at 10.

PLAINTIFFS' NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR ALTERNATIVE SERVICE OF PROCESS
PURSUANT TO FED. R. CIV. P. 4(F)(3)
CASE NO. 11-00655 VBF (VBK)

4

that service of process, if successful, is expected to take at least five to eight months to complete, and possibly even longer.[7]   Additionally, there is no guarantee that service of the Defendants through the Hague Convention will ultimately prove successful.

On June 11, 2011, Plaintiffs filed an Application for Right to Attach Order and Issuance of Writ of Attachment Pursuant to Cal. Code. Civ. Pro § 492.010.  Plaintiffs requested that the Court enter a prejudgment attachment against two real properties located in Orange County, California, owned solely by Defendants and having a combined value of $8,555,000, in order to ensure the collectability of Plaintiffs' eventual judgment against them.  Proving again that Defendants have actual notice of the litigation, Defendants jointly opposed the application for attachment on July 18, 2011.

III.   **ARGUMENT**

A.   **Legal Standard**

Federal Rule of Civil Procedure 4(f)(3) authorizes the Court to direct alternate means of effecting service on an individual in a foreign country provided that such means are not prohibited by international agreement.  *See* Fed. R. Civ. P. 4(f)(3). The Ninth Circuit has held that "[s]ervice of process under FRCP 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'  It is merely one means among several which enables service of process on an international defendant."  *AT&T Mobility LLC v. AU Optronics Corp. (In re Tft-Lcd Antitrust Litig.),* MDL No. 1827, 2010 U.S. Dist. LEXIS 44099 (N.D. Cal. Apr. 2, 2010).  Thus, "FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs to first attempt service through "internationally agreed means [*e.g.*, Hague Convention] 'before turning to 'any other

---

[7] *Id.* at 11.

PLAINTIFFS' NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR ALTERNATIVE SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(F)(3)
CASE NO. 11-00655 VBF (VBK)

5

means not prohibited by international agreement.'" *In re LDK Solar Secs. Litig.*, 2008 U.S. Dist. LEXIS 90702, at *5.

In instances when a plaintiff presents to the court his inability to serve an international defendant striving to evade service of process, the district court may properly exercise its discretionary powers to craft alternate means of service. *See Rio Props.,* 284 F.3d at 1016. In that regard, the Court has considerable leeway in granting an order pursuant to Fed. R. Civ. P. 4(f)(3), as the Ninth Circuit has held that a court may fashion means of service on an individual in a foreign country in a manner of its choice, as long as it is (1) directed by the court, and (2) not prohibited by international agreement. *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d at 1014. Additionally, "even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process." *In re LDK Solar Secs. Litig.*, 2008 U.S. Dist. LEXIS 90702, at *10. Constitutional due process requires only that "the method of service crafted by the district court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Rio Props.*, 284 F.3d at 1016).

Moreover, the Ninth Circuit has noted that: "[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendants' last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Props.*, 284 F. 3d at 1016. However, this list is not exhaustive. Hence, the Ninth Circuit has held that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Techn., Inc.,* 840 F.2d 685, 688 (9th Cir. 1988).

Here, it is indisputable that Defendants already have actual notice of the action and the claims against them.  The only issue is how to effectuate formal service as required by Federal Rule of Civil Procedure 4.  Plaintiffs propose to effectuate service on Defendants by a combination of the following means: (1) service of the summons and complaint upon RINO's California office located at 30211 Avenida De Las Banderas, #200, Rancho Santa Margarita, California 92688; (2) service of the summons and complaint upon Liping Wang Epps, RINO's registered agent for service of process, at his registered agent address located at 43 Maple Leaf, Mission Viejo, California 92692, with a cover letter instructing Mr. Epps to forward the summons and notice to the Defendants; and (3) service of the summons and complaint upon Orrick and Quinn Emanuel, counsel for Dejun and Jianping, respectively, through each counsel's California office, with a cover letter instructing counsel to forward the summons and complaint to their respective clients.

### B. Plaintiffs Should Be Permitted To Effectuate Service On the Defendants Via RINO's California Office And RINO's Registered Agent for Service of Process

The Ninth Circuit has held that service upon a foreign company's California office is an appropriate method of service for officer defendants who are located in China because it is not contrary to any international agreement and it satisfies constitutional due process requirements.  *See In re LDK Solar Secs. Litig.*, 2008 U.S. Dist. LEXIS 90702, at **10-11.  In *In re LDK Solar Secs. Litig.*, a strikingly similar situation as the case *sub judice*, the court held that:

> [Defendants] first argue that FRCP 4(f) requires plaintiffs to serve foreign defendants in accordance with "any internationally agreed means reasonably calculated to give notice," such as the Hague Service Convention. This is not true, as FRCP 4(f)(3) allows for an alternate means of service as long as it is directed by a court and not prohibited by international agreement. Significantly, FRCP 4(f)(3) stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs to first attempt service through "internationally agreed means" before turning to "any other means not prohibited by international agreement."

PLAINTIFFS' NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR ALTERNATIVE SERVICE OF PROCESS
PURSUANT TO FED. R. CIV. P. 4(F)(3)
CASE NO.  11-00655 VBF (VBK)

7

***

*Consequently, plaintiffs are free to attempt an alternate means of service without having to show an attempt of service through the Chinese Central Authority -- assuming plaintiffs do not violate any international agreement.*

Defendants then contend that plaintiffs' requested form of service does violate an international agreement. The Ninth Circuit has held:

> As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text. In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country.

*Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Neither party disputes that China is a signatory to the Convention. As a signatory to the Convention, however, China explicitly objected to Article 10 of the Convention. Article 10 allowed for service "by postal channels" or through judicial officers, officials, or other persons in the state of destination.

Defendants then say that the reasoning in *Agha v. Jacobs*, 2008 WL 2051061, *1 (N.D. Cal. 2008) (Judge Seeborg), is instructive. There, the court denied plaintiff's request to serve the summons and complaint -- via email or facisimile -- to the defendants, who were located in the Federal Republic of Germany. Judge Seeborg rejected *Rio* because it "involved service in a country that is not a member of the Hague Convention." *Agha*, 2008 WL 2051061 at *1 n.1. Like the situation in *Agha*, defendants say, the instant action involves a country that is a signatory to the Convention and that has objected to service by postal channels. *Rio* therefore does not apply.

Defendants' argument is unpersuasive. It is true that *Rio* involved a non-signatory country. Nonetheless, the Ninth Circuit's reasoning in the *Rio* decision is still applicable -- as long as the service is "court-directed and not prohibited by an international agreement," service can be effected pursuant to FRCP 4(f)(3). *Rio*, 284 F.3d at 1014. *Here, plaintiffs do not request to effect service in China via mail; rather, they request to serve the remaining six unserved defendants through LDK's California office.* There is no service by postal channels, as was the case in Agha (where the judge concluded that service by email or facsimile was the functional equivalent of service by mail). *Plaintiffs are therefore correct that nothing in the Convention bars the requested means of service.*

***

*This order finds that the proposed form of service is constitutionally acceptable. Serving the remaining six defendants through the*

***California office is reasonably calculated, under these circumstances, to apprise them of the pendency of the action and afford them with the opportunity to respond.*** After all, LDK trades on the New York Stock Exchange, its subsidiary is located in California, and the remaining defendants are all sophisticated officers, directors, or the Chinese subsidiary of LDK. Accordingly, plaintiffs' motion to authorize service to the unserved defendants abroad is granted.

*Id*. at 9-11(emphasis added); *see also In re Cathode Ray Tube (CRT) Antitrust Litig.,* MDL No. 1917, 2008 U.S. Dist. LEXIS 111384, at *1 (N.D. Cal. Sept. 3, 2008) (authorizing service on foreign defendants through U.S. subsidiaries and domestic counsel). Accordingly, as in *In re LDK Solar Secs. Litig.*, this Court should similarly authorize service of process via the California office of RINO as a substitute of service of Defendants who live in China and are officers of RINO.

Moreover, in addition to service by RINO's California office, Plaintiffs propose serving the Defendants via RINO's registered agent, Liping Wang Epps, because pursuant to RINO's filings with the California Secretary of State, Mr. Epps is listed as RINO's authorized "agent for service of process."[8] Defendants are RINO's founders, majority shareholders and current executive officers and, thus, it is not unreasonable to expect that Mr. Epps and the Defendants have had previous communications and that Mr. Epps, as RINO's authorized agent for service of process, will be able to provide formal notice of the Complaint to the Defendants. *See Prediction Co. LLC v. Rajgarhia,* No. 09 Civ. 7459 (SAS), 2010 U.S. Dist. LEXIS 26536, at *2 (S.D.N.Y. Mar. 22, 2010) (noting that "[s]ending a copy of the summons and complaint to [third party] and requesting that [the third party] forward the documents to [defendant] is reasonably calculated to apprise [defendant] of the pendency of the action and afford him an opportunity to present objections" because the defendant was "aware of the lawsuit" and the two parties have been in prior contact).

---

[8] *See* Exhibit C to Zagar Dec.

PLAINTIFFS' NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR ALTERNATIVE SERVICE OF PROCESS
PURSUANT TO FED. R. CIV. P. 4(F)(3)
CASE NO. 11-00655 VBF (VBK)

9

1

### C.   Plaintiffs Should Be Permitted To Effectuate Service On the Defendants Via Defendants' Counsel, Orrick and Quinn Emanuel

2        Plaintiffs additionally propose serving the Defendants through their counsel

3  Orrick and Quinn Emanuel.   Federal courts, including the Ninth Circuit, have

4  routinely permitted service on a foreign defendant via domestic counsel, even when

5  counsel was not authorized to receive service of process on behalf of the defendant.

6  *See, e.g., Rio Props*.,  284 F.3d 1007 at 1014 (holding that service on a defendant's

7  attorney who had declined to accept service of process was appropriate because the

8  attorney had been  consulted regarding the lawsuit and it was clear that the attorney

9  was in contact with the client); *Nokia Corp. v. AU Options Corp. (In re TFT-LCD*

10  *Antitrust Litig.)*, 2010 U.S. Dist. LEXIS 61760, at **51-52 (N.D. Cal. May 28, 2010)

11  (holding that service through defendants' U.S. counsel comports with due process

12  because defendants have notice of plaintiff's claims); *Richmond Techs.*, 2011 U.S.

13  Dist. LEXIS 71269, at **44-46 (granting motion to serve defendants in India through

14  defendants' California attorney because defendants had notice of the action and the

15  attorney was already representing the defendants for the purpose of contesting

16  personal jurisdiction and opposing substituted service*); Prediction Co.*, 2010 U.S.

17  Dist. LEXIS 26536, at **1-2 (permitting service on a defendant who lived in India

18  via his counsel because defendant has been in contact with the attorney despite the

19  fact that counsel was not authorized to accept service on the defendant's behalf); *LG*

20  *Elecs., Inc. v. ASKO Appliances, Inc*., No. 08-828 (JAP), 2009 U.S. Dist. LEXIS

21  53391, at **13-14 (D. Del. June 23, 2009) (determining that service upon a foreign

22  defendant through counsel was appropriate as "this Court finds that, pursuant to Rule

23  4(f)(3), service upon an attorney is warranted in order to prevent further delays in

24  litigation; noting "that the regularity of contact between [defendant] and [attorney]

25  clearly demonstrate that [defendant] is on notice of the contents of the instant

26  complaint"); *RSM Prod. Corp. v. Fridman*, No. 06 Civ. 11512 (DLC), 2007 U.S.

27

28

Dist. LEXIS 58194, at *6 (S.D.N.Y. Aug. 10, 2007) (authorizing service on foreign defendant's counsel because defendant had actual notice of the litigation even though counsel was not authorized to accept service on the defendant's behalf).

In this case, given the numerous briefs filed by Orrick and Quinn Emanuel on behalf of the Defendants in this case thus far, including the declarations by Defendants themselves in support of these briefs filed, there can be no dispute that Defendants have notice of the action and that Orrick and Quinn Emanuel are in contact with their clients. Accordingly, this Court should follow the overwhelming weight of authority and grant the instant motion for alternative service on Defendants through their California counsel.

## IV.   **CONCLUSION**

Defendants are well aware of this litigation and thus the underlying purpose of Federal Rule of Civil Procedure 4 has been met. For the foregoing reasons, this Court should grant Plaintiffs' motion and allow Plaintiffs to serve the Defendants by a combination of the following means: (1) service of the summons and complaint upon RINO's California office located at 30211 Avenida De Las Banderas, #200, Rancho Santa Margarita, California 92688; (2) service of the summons and complaint upon Liping Wang Epps, RINO's registered agent for service of process, at his registered agent address located at 43 Maple Leaf, Mission Viejo, California 92692, with a cover letter instructing Mr. Epps to forward the summons and notice to the Defendants; and (3) service of the summons and complaint upon Orrick and Quinn Emanuel, counsel for Dejun and Jianping, respectively, through each counsel's California office, with a cover letter instructing counsel to forward the summons and complaint to their respective clients.

/////

/////

1

2   Dated:  September 23, 2011                    Respectfully submitted,

3                                                 **ROSMAN & GERMAIN LLP**

4
                                                  */S/ Daniel L. Germain*
5                                                 Daniel L. Germain (Bar No. 143334)
                                                  16311 Ventura Boulevard, Suite 1200
6                                                 Encino, CA  91436
                                                  Telephone: (818) 788-0877
7                                                 Facsimile: (818) 788-0885

8                                                 **KESSLER TOPAZ**
                                                  **MELTZER & CHECK, LLP**
9                                                 Eric L. Zagar (Bar No. 250519)
                                                  Robin Winchester
10                                                Ligaya T. Hernandez
                                                  280 King of Prussia Road
11                                                Radnor, PA 19087
                                                  Telephone:  (610) 667-7706
12                                                Facsimile:  (267) 948-2512

13                                                *Attorneys for Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28