O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. AILEEN MORNINGSTAR and ALICE SLETTEDAHL, Derivatively on Behalf of Nominal Defendant RINO INTERNATIONAL CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> ZOU DEJUN, KENNITH C. JOHNSON, QUAN XIE, BEN WANG, LI YU, BRUCE RICHARDSON, YI LIU, ZHANG WEIGUO and RINO INTERNATIONAL CORPORATION, <br><br> Defendants. | Case No. CV 11-00655 DDP (VBKx) <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF PROCESS** <br><br><br> [Dkt. No. 63] |

Presently before the court is Plaintiff's Motion for Alternative Service of their Complaint upon Defendants Qiu Jianping and Zou Dejun (the "foreign Defendants").

The foreign defendants, residents and citizens of China, are officers of Defendant Rino International Corporation, a Nevada corporation with its principal place of business in China. Rino also has an office and registered agent for service of process in

California.  The foreign defendants are also individually represented by California counsel.

An individual in a foreign country may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[.]" Fed. R. Civ. P. 4(f)(1).  China is a party to the Hague Convention.  Plaintiffs initiated the process of serving the foreign defendants under the Hague Convention in May, 2011.  Plaintiffs' attempts have thus far been unsuccessful.

Individuals in foreign countries may also be served "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  Foreign Defendants argue that the Hague Convention "provides the 'exclusive means' by which plaintiffs can serve individuals who reside in China . . .," citing OGM, Inc. v. Televisa, S.A., No. CV 08-5742 JFW, 2009 WL 1025971 at *3 (C.D. Cal. Apr. 15, 2009).  Foreign Defendants are mistaken.  In OGM, plaintiffs sought to serve Plaintiffs in Mexico, which is also a party to the Hague Convention.  Plaintiffs in OGM, however, attempted to utilize procedures not authorized by the Mexican government.  The OGM court quashed the defective service, concluding that plaintiffs were required to utilize authorized Hague Convention procedures if they wished to serve a defendant in Mexico.  Id. at 3.

Here, of course, Plaintiffs do not wish to serve the Foreign Defendants in China, but rather seek the court's permission to effect alternative service here in California.  Court-ordered alternative service is permissible, so long as it comports with due

2

1  process and does not violate an international agreement. In re
2  China Ed. Alliance, Inc. Sec. Litig., No. CV 10-9239 CAS, 2011 WL
3  3715969 at *1 (C.D. Cal. Aug. 22, 2011) (citing Rio Props. v. Rio
4  Int'l. Interlink, 284 F.3d 1007, 1014-16 (9th Cir. 2002)).
5      In LDK Solar Securities Litigation, No. C-07-05182 WHA (N.D.
6  Cal. 2008), as here, certain foreign defendants, residents of
7  China, served as officers of a corporation with a California
8  office. LDK Solar Securities Litigation, No. C-07-05182 WHA, 2008
9  WL 2415186 (N.D. Cal. Jun. 12, 2008).  Due to the prospective
10 difficulties of service in China through the Hague Convention, the
11 court authorized alternative service under Rule 4(f)(3) via the
12 corporation's California office, even though plaintiffs had not yet
13 attempted Hague Convention service. Id. at *3; c.f. In re China
14 Ed. 2011 WL at *3 (denying permission for alternative service on
15 due process grounds because defendants were no longer employed by
16 the domestic corporation).  The case for alternative service is
17 even stronger here, where Plaintiffs have attempted to serve the
18 Foreign Defendants through the Hague Convention for over a year,
19 with no success.
20     Accordingly, Plaintiffs' Motion for Alternative Service of
21 Process is GRANTED.  Plaintiffs may serve Foreign Defendants by
22 doing all of the following: 1) serving of the summons and complaint
23 upon RINO's California office; 2) serving RINO's registered agent
24 ///
25 ///
26 ///
27
28

for service of process, with instructions to forward to summons and complaint to Foreign Defendants; and 3) serving the Foreign Defendants' California counsel, with similar instructions.

IT IS SO ORDERED.

Dated: February 8, 2013

DEAN D. PREGERSON
United States District Judge

4