O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| M. AILEEN MORNINGSTAR and ALICE SLETTEDAHL, Derivatively on Behalf of Nominal Defendant RINO INTERNATIONAL CORPORATION, | ) ) ) ) ) | Case No. CV 11-00655 DDP (VBKx) |
| | ) ) | **ORDER RE: TRANSFER TO DISTRICT OF NEVADA** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ZOU DEJUN, KENNITH C. JOHNSON, QUAN XIE, BEN WANG, LI YU, BRUCE RICHARDSON, YI LIU, ZHANG WEIGUO and RINO INTERNATIONAL CORPORATION, | ) ) ) ) ) ) | |
| | ) | [Dkt. No. 90] |
| Defendants. | ) ) | |

Presently before the court is Nominal Defendant RINO International Corportation's Motion to Stay this shareholder derivative action.

This case is one of four shareholder derivative suits filed on behalf of RINO.  This is the second such action filed in federal court.  The first (the "Nevada Action") was filed in the District

1  of Nevada on December 20, 2010, approximately one month before this
2  case was initiated.[1]

3       Defendants Zou Dejun and Qiu Jianping recently sold two
4  California houses to help fund the settlement of a related
5  shareholder class action in this court.  (Declaration of Robin
6  Winchester ¶ 36.)  Plaintiffs in this case believe that the home
7  sales yielded an excess of approximately $2.4 million.  (Id. ¶ 37.)
8  Plaintiffs have sought discovery regarding these assets, and intend
9  to seek to establish a constructive trust over the $2.4 million.
10 (Id. ¶ 49.)

11      In the meantime, the Nevada Action has proceeded, and may soon
12 settle.  The parties to the Nevada Action moved for preliminary
13 settlement approval in November 2012.  The parties here appear to
14 agree that final approval of the proposed settlement in the Nevada
15 Action will extinguish Plaintiffs' claims in this case.

16      The court in the Nevada Action has yet to rule on the pending
17 motion for preliminary approval.  Even if the court does
18 preliminarily approve the settlement, Plaintiffs here intend to
19 object to the settlement in the Nevada Action at the final approval
20 stage.

21      The "first-to-file" rule "permits this court to decline
22 jurisdiction when a complaint involving the same parties and issues
23 has already been filed in another district."  Apple Inc. v.
24 Psystar, 658 F.3d 1150, 1161 (9th Cir. 2011) (quotation and
25 citation omitted).  In such cases, this court may, in its
26 discretion, stay, transfer, or dismiss the later-filed suit.
27 _____

28      [1] The Nevada suit is In re RINO International Derivative
   Litigation, No. 10-cv-2209-MMD-GWF.

1   <u>Cedars-Sinai Med. Center v. Shalala</u>, 125 F.3d 765, 769 (9th Cir.

2   1997).   The rule promotes judicial efficiency and reduces the risk

3   of inconsistent decisions.   <u>Alltrade, Inc. v. Uniweld Prods., Inc.</u>,

4   946 F.2d 622, 625 (9th Cir. 1991); <u>Meru Networks, Inc. v. Extricom</u>

5   <u>Ltd.</u>, No. C-10-2021 RMW, 2010 WL 346315 at *3 (N.D. Cal. Aug. 31,

6   2010).   Threshold factors include 1) the chronology of the actions,

7   2) the similarity of the parties, and 3) the similarity of the

8   issues.   <u>Alltrade</u>, 946 F.2d at 625.

9        All three factors here weigh in favor of transfer to the

10  District of Nevada.   The chronology and similarity of issues are

11  not in dispute.   Though Plaintiffs argue that there is one

12  defendant in this case who is not named in the Nevada Action, the

13  parties in the two actions need only be substantially similar for

14  the first-to-file rule to apply.   <u>Nat'l Union Fire Ins. Co. of</u>

15  <u>Pittsburgh v. Payless Shoesource, Inc.</u>, No. C-11-1892 EMC, 2012 WL

16  3277222 at *3 (N.D. Cal. Aug. 9, 2012).

17       Accordingly, Defendant's motion is, for all intents and

18  purposes, GRANTED.   Rather than stay this case, however, the court

19  transfers this matter to the District of Nevada.[2]

20  IT IS SO ORDERED.

21

22  Dated: March 12, 2013

                                    DEAN D. PREGERSON
23                                  United States District Judge

24

25

26  ────────────────

27       [2] Whether this case should be consolidated, the role of
    Plaintiffs' present counsel, and whether to establish a
28  constructive trust over any Defendant's assets are issues best left
    to the Nevada court.